The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. Our case is the People of the State of Illinois v. Antonios Sustaita. Counsel for the appellate, would you help me with that name? Is that the correct pronunciation? I believe it's Sustaita. Thank you. Sustaita, thank you. And would you introduce yourself and state your name for the record? Sure. Michael Orenstein, State Appellate Defender for Defendant Appellant Antonios Sustaita. And for the appellee? David Manchin with the Appellate Prosecutor's Office. Thank you, Mr. Manchin. You may proceed, Mr. Orenstein. Thank you, Your Honors. Your Honors, in August of 2011, my client, according to his affidavit, pardon me, contacted counsel. He asked his trial counsel how to get himself to Illinois for trial. But counsel refused to provide this advice. Probably thereafter, Douglas County lodged a detainer against Sustaita. At that point, Texas authorities should have promptly notified him of his rights under the Interstate Agreement on Detainers, or IAD. But they delayed this notice for over three months. Had counsel properly advised Sustaita, or had Texas properly notified him, he could have demanded an Illinois trial earlier. Had he demanded an Illinois trial earlier, he would have reached Illinois earlier. And he reached Illinois earlier, he would have earned more Illinois sentence credit. Given these facts, trial counsel was ineffective in two ways. First, before trial, counsel was ineffective. Well, counsel, let me stop you there. I don't understand that. He's only going to get credit on the Illinois charge for the time that he spent in Illinois in custody, right? That's correct. Unless the only reason for his custody elsewhere is the hold, but otherwise, yes. Well, so then, when he comes back to Illinois, he gets credit starting on the date that he arrives back in Illinois. So I don't follow your argument as to why that makes any difference, whether it happened 30 days ago or 50 days ago. He still gets credit for that time when he's here, is what I'm suggesting to you. Sure, but he would have been here earlier, is what I'm saying. He would have been in Illinois physically several months earlier had counsel properly advised him. That's what I'm saying. Counsel, you mentioned a time frame to us. After the defendant was notified, how long did it take him to file the request to return to Illinois? So when you say notified, if you mean notified of his IAD rights, it took two months for him to do that. Why? I don't know why. I think that would be a good subject for an evidentiary hearing. But I think there's evidence in the record that he was confused because I believe it's eight days earlier. He requested from the clerk of court, Douglas Hunter, for transcripts in connection with his IAD claim. And there's absolutely no reason he could have possibly needed transcripts. Transcripts had nothing to do with it. So I think he was also obviously, obviously from my point of view, I shouldn't say obviously, if trial counsel advised him back in August, he might very well have acted earlier if he understood why. I don't know. I don't know why it was. He says he did not get the paperwork until that day, which you take as true in his affidavit, but it's not clear why he didn't get the paperwork. It may be because he didn't get the paperwork or maybe because he didn't request the paperwork. That's that's not a record. Thank you. Counsel, following up on Justice Turner's question, if your client had made a demand sooner, then what would have happened is the trial would have occurred sooner here in Illinois. Isn't that correct? Well, the trial, presumably it would. I mean, he would have been returned for retrial proceedings and assume it all happened the same way. Yeah. And he might have then had an earlier outdate. But how can you demonstrate that the defendant would have had to serve a longer period of time, even a day longer for his Illinois crimes? Well, I mean, in the way you're saying that, then I can't demonstrate it. But if he has an earlier outdate, then that's prejudice. It's no different than if you are in custody on one charge. And then there's a parole violation on another charge. And if you're in custody on both charges, unless you exonerate the bond on the first charge, you don't start getting credit. And under Nesbitt, that's prejudice. Here, even though he would have spent the same amount of time from beginning to end, he would have started quicker and ended quicker and he would be out earlier. And that's plain vanilla prejudice, I think. So you're saying it's the difference in the outdate you see as the prejudice? Yeah, it's the total amount of calendar days he has to serve in prison total, including his Texas and his Illinois, would be less. Because he would get to Illinois earlier, he would start serving his Illinois part earlier, and Texas isn't one of them. So he would get out early, he would serve less total time in prison. When he got to Illinois, when he got to Illinois, did he continue to receive credit in Texas? For Texas? That's a good question. I don't know. What I know is that he's not on the Texas EOC webpage, like our webpage. I don't know. They don't want him, but why they don't want him, I really don't know. Well, they don't want him because nobody wants more prisoners. That's an aside. Yes, I understand what you're saying. And it was a DUI, and I don't think it's a big priority for them. Well, it's a DUI for somebody that has a criminal record. That's true. Spacing charges in another state. That's true. But I would also say one thing my client attached to his petition, one of the documents, was an email from the exchange between the state's attorney of Douglas County and the public defender. And what the state's attorney said is that due to overcrowding, it is very unlikely he will serve his whole two years. But for the Illinois hold, his Texas sentence might have also ended a lot earlier. Well, then he would have come back to Illinois. He would have come back to Illinois. And assuming he got the same sentence, he would have started earlier, finished earlier, and be out. His outdate is, I think, December 23, if I'm correct. It may be a little earlier than that, but it's late 23. So if he gets six more months, he gets six more months of freedom from the time he was first arrested in Texas for DUI back in 2011. And our argument is that is prejudice because any time you're in prison is prejudice. You may agree. I'm sorry. Go ahead, Justice. And you agree, counsel, that the defendant is not entitled to have his Illinois conviction vacated, correct? Oh, no, this is strictly, this is strictly, the only possible relief is, is, is, it has to do with sentence and crediting. Otherwise, it would be a windfall and I don't see any grounds for him to get a windfall. I mean, yeah. Go ahead. I mean, whether he, whether he got credit or not, I don't see, I don't see any grounds to argue that that denied him a fair trial in any way. But that's not what was argued below, isn't that correct? Well, that was, yeah, so forfeiture. So, so, so what our position is, is that, is that section 122.3 of the, if I'm giving you the right statute, but above the post conviction, the waiver provision of the Post Conviction Hearing Act statute says that the constitutional claim has to be raised. And he raised a constitutional violation. Now he raised a greater. He requested much greater relief below that he is now, he wanted his conviction dismissed. But I would argue that it's, that there's an analogy to lesser included offenses. If I'm the state and I have a botched burglary, and it was a murder and I charge murder, but not attempt burglary, then I can't, then I can't go at the end, at the end of the evidence and say to the judge, could I have an attempt burglary instruction? On the other hand, I can ask for, say, an aggravated battery instruction or aggravated discharging instruction, if it's a lesser included offense. What we're asking for is lesser included relief from what the, from what the, was requested below. Well, was the constitutional challenge at the trial court the same one that you're raising now? Or were they different? Probably the, I mean, the failure to advise one is the same one. I think the post-conviction counsel below was very clear that counsel failure to advise him at all re-ironed the IAD way back in August of 2011. And she also argued that it cost him sentence credit. Now with the, now with the failure to report, now with the failure to request a credit, to enforce the IAD after trial, you know, I am arguing from more general language that she said his IAD rights were denied, his PD trial rights were denied. There's nothing quite as specific, but I think we're in the same ballpark. You're suggesting really that all you're asking for is a different remedy. Yeah, we're asking for a different remedy. We're asking for a lesser remedy than was requested below. Well, I understand you're asking for a different remedy, but I guess my question, if I could be more specific, wasn't your claim that there was a due process violation? And now your claim is that there was ineffective assistance of counsel, and you're saying those are the same? Post-conviction counsel below definitely alleged ineffective assistance of trial counsel. She alleged that, she also alleged due process and went on and on about people being foreign, but she was very clear that trial counsel had a duty to advise my client, and that she failed to advise my client. You may proceed. Okay, I think that covers a lot. I was going to say, let me see. We talked about forfeiture. Forfeiture. So I think we covered what I wanted to cover. So in sum, under Suicida's allegations, trial counsel failed to help Suicida maximize its credit, and counsel failed to seek compensatory credit, because loss of credit is prejudiced. Suicida's allegations should be tested in an administrative hearing. Counsel, before you conclude, maybe I missed it in the briefs, but I couldn't tell, did your client appeal, make a direct appeal in this case or not? You mean, did he file a notice of appeal from the denial of the petition? I'm not quite sure what you're asking. From the original conviction. I think he did, but I don't have that site off the top of my head. I will look for when the state argues. Okay, thank you. Thank you. You'll have time on rebuttal. Thank you, Mr. Benson. Please, the court. With respect to that last question the defendant did take a direct appeal and I believe the rule 23 order for me is conviction is part of the record. My recollection is the only issue he raised was that the sentence was excessive. There was no claim there regarding any kind of credit, which is why the defendant has raised the ineffective assistance of trial and appellate counsel for not seeking credit, based upon the agreement on detainers. Thank you. Okay, with respect to the defense claim below his post conviction petition primarily sought dismissal of the charges or vacation of the charges, but in a single sentence I believe it was page 1389 he adds, at least I could have asked for credits. So, arguably that one sentence is enough to bring this issue of credit before the court and I apologize to court for my argument which failed to notice that one sentence in a 14 page post conviction petition. So the issue of sentence credit was raised in a single sentence below. So my original forfeiture waiver argument is not valid, based on that single sentence the petition. Thank you for pointing that out. Yeah, I believe it's 1389 but I may be mistaken on the exact page, but it is there in a single sentence. The whole defendants whole petition is based on supposition upon supposition upon supposition, and you cannot find ineffective assistance council based on that the defense claim is that that somebody had told him earlier that he could get to Illinois, he would have done so. The problem with that is that he took two months to file his motion under the agreement of detainers, after he learned of it, which really cuts against his claim he would have acted immediately if he'd been told about it earlier. Plus, I believe it's C 1501 of the record. That's fine. Filed an exhibit or emotion in the Texas courts. After the detainer was filed, seeking to have the detainer quashed or challenge the validity of the. Oh, he contested the hold on the basis that his Sixth Amendment rights have been violated in Douglas County in Illinois. Again, that challenging the detention really cuts against his, his new claim that if I had been told by somebody, either the courts or my attorneys, I would have acted sooner and would have been here sooner and would have gotten credit sooner. So I think the trial court was correct in dismissing the petition on that basis alone that his, his own actions in his own affidavits demonstrate the falseness of his claim. The defendants argument has been somewhat inconsistent as to when and where he's alleging credit. Originally he sought credit from the moment the Texas story should have notified him of the thing, or from the moment his attorneys should have noticed about him about the detainer procedures. And now he's changed it to say no, it's, I should be entitled to time in Illinois, from a presumptive presumptive date when I've been in Illinois, sooner, supposing if something else had happened differently. I think this case is, is not directly on point, but I think the effects versus Michigan case 507 us 43 which is set my brief is very analogous, or just similar to this case. In fact, the defendant had filed a request for return under the agreement with the state authorities. I believe it was believe was Kentucky effort but no it wasn't excuse me as Michigan. But anyway, he filed a request. The request was not returned to Michigan until several months later, or about two weeks later so that the there was a violation of the prompt notification room. And the Supreme Court said that no. The one 80 days speedy trial term starts when it is received by the requesting state from the warden, and not on the date that the defendant made a request to the warden. And they said that even malfeasance on the part of the warden in not forwarding the notice was not enough to give the defendant any grounds for relief. And part of the reasoning was that, how do you determine when the warden was supposed to have acted. And I think by analogy, that's the same situation we have here. When was Texas opposed to have acted. Was it a week after getting the, the detention notice two weeks, or the three months that they took. I think under the reasoning effects that the trial courts correctly denied the defense request relief, because there's simply no showing of any by prejudice the defendants because defendant now admits he was not entitled to any credit in Texas. He's only entitled to credit. Once you rise back in Illinois, and I cite several cases where the Illinois courts have especially held that the following of a detainer in another state does not create a right to credit. So, the trial court was something correct in dismissing the defendants petition. The primary relief sought was the dismissal or the vacation of his conviction, which was clearly not available in a single sentence he says at least I could have asked for credit, but he cannot establish prejudice. Because we're speculating that one defendant would have asked to be sent back to Illinois. If either his attorney or the state of Texas and told him about it, but his actions in contesting the detainer in Texas, and in waiting for several months before filing his request return refute any suggestion that had I known earlier I would have acted earlier. So I submit that the trial courts dismissal of the defendants petition was correct. They should be affirmed by this court. I see no questions Mr mansion, thank you for your argument rebuttal from a palate, please. Thank you. Thank you. Look and see what what what is actually what what what someone is actually entitled to and narrow claim and try and try and make it legally focused and I don't, I don't see how that is a particular graph for anything. As far as effects be Michigan. I mean effects be Michigan. I don't see how it's analogous because the dates were never disputed there was never any issue about dates. What what what the issue in fact to be Michigan was statutory interpretation. The statute, the phrase that issue and effects was called cause to be delivered was caused me to be delivered to be sent something or cause to be delivered means actually receive something. And Justice Scalia said the plain language means received and he gave several reasons. One of that is, is what if it's lost in the mail. Then it can't then it's sent but it can't then it but so it can't possibly possibly receive because it's never received. He didn't say that, that, that caused to be you know that that is necessarily a great risk of a cause of loss in the mail or that it's an ambiguous thing or anything like that. So I don't see how effects is on point. As far as we, I think the last thing is that the council says we admit to no credit in Texas, I don't think we necessarily do admit that because that went in our reply group responded to the state's cases including Garner, Gardner, GAR, DNR. And what there were three of them. And what those cases said is that is that you are not entitled to credit in a foreign state. I mean, they were remedy cases but just generally you're not telling credit foreign state. If you're serving time as a result of the offense in the foreign state but if you're only serving time because of the whole, then you are entitled to Illinois credit. Now it's clear from the documents that my client presented. That, that, that, that he had that he was eligible for parole, and I believe September 2011 and ineligible for parole in January 2012. And that is another thing I think that's a proper subject for the evidentiary hearing because if in fact he would have gotten parole in Texas, then, then, then, then he would have been Texas only he was in Texas only because of the Illinois hold. And there should be credit for that. And the last point I want to make is, is counsel is counsel you know points to certain things he feels contradict my clients allegations. It's very clear that I think I'm under Illinois law that that allegations are taken is true, even if there is impeachment material on the record and impeachment material is for an evidentiary hearing. So unless there are any other questions, thank you for the, for the warning. Unless there are any other questions, I'd ask that this court remain for an evidentiary hearing. Thank you counsel for your arguments, I'd like each of you to greet and acknowledge the arrival of the newest are almost the newest member of the fourth district appellate court. Just a scene off is a very experienced both trial court, and in the appellate court in the second district. And as a result of redistricting. She has joined us and we're pleased to have her. And this was your first opportunity, perhaps to argue before. Very good. Very much justice connect. Good afternoon counsel nice to be here with you. Welcome to the court. Thank you. Thank you gentlemen and we'll take this case under advice.